K. ANDREW KENT, State Bar No. 130097
akent@rincongroup.com
GREGORY N. ALBRIGHT, State Bar No. 145547
galbright@rincongroup.com
RINCON VENTURE LAW GROUP
2815 Townsgate Road, Suite 215
Westlake Village, California  91361
Telephone: (805) 557-0580
Facsimile: (805) 557-0480

Attorneys for Plaintiff and Counter-Defendant
SANTA BARBARA WINERY, INC.

JOHN B. SCHERLING, State Bar No. 122234
jscherling@sughrue.com
SUGHRUE MION, PLLC
501 West Broadway, Suite 1600
San Diego, California  92101
Telephone: (619) 238-3545
Facsimile: (619) 238-4931

GARY D. KRUGMAN (*pro hac vice*)
LEIGH ANN LINDQUIST (*pro hac vice*)
SHAHRZAD POORMOSLEH, State Bar No. 223146
2100 Pennsylvania Avenue, N.W.
Washington, D.C. 20037
Telephone: (202) 293-7060
Facsimile:  (202) 293-7860

Attorneys for Defendants and Counterclaim Plaintiffs
FOSTER'S WINE ESTATES AMERICAS COMPANY,
and FOSTER'S WINE ESTATES SALES CO. and
Defendant FOSTER'S WINE ESTATES HOLDING, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA BARBARA WINERY, INC., | **CASE NO. CV10-1026-JHN (PLAx)** |
| Plaintiff, | **PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION, UPON STIPULATION OF THE PARTIES** |
| vs. | |
| FOSTER'S WINE ESTATES AMERICAS COMPANY, FOSTER'S WINE ESTATES HOLDINGS, INC., FOSTER'S WINE ESTATES SALES CO., and DOES 1 through 10 inclusive, | |
| Defendants. | |
| And related counterclaims. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.  PURPOSES, GOOD CAUSE STATEMENT AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. The parties have stipulated, and the Court finds, that good cause exists for the entry of a Protective Order regarding Confidential Information for each of the following reasons:

(i)        The parties are in the business of producing and selling wines, and in that respect compete within the wine industry.  The wine industry is competitive, and the parties have had the practice of maintaining as private and confidential certain information that they believe to be competitively sensitive.

(ii)       During the course of this litigation the parties may exchange, informally for purposes of settlement discussions or other litigation-related purposes, or produce formally during discovery, information which they have heretofore maintained as confidential, and which discusses, embodies or reveals proprietary business methods and procedures, confidential income, profit or pricing information, confidential information regarding customers or sources of supply, confidential marketing plans and strategies, competitive plans and strategies, artwork mockups and creative design proposals for products, listings of varietal competitors, lists of brand support tools (*i.e.*, complementary goods such as pencils, key chains, t-shirts, etc.) and volume/price of the same, design proposals, lists of shipments/depletions/points of distribution/volume splits, case goods inventories, lists of buyer accounts and contact information, internal presentations containing budget information regarding launch of products, distributor details, pricing strategies, revenue and sales information, advertising expenditures and brand launch plans, volume distribution targets, and other information that the parties may contend contains or constitutes trade secrets or material non-public,

competitively sensitive, proprietary or confidential information ("Confidential Information," as hereafter defined).

(iii)       Disclosure of the Confidential Information to any competitor, whether an opposing party or third party, without the protections of a Stipulation and Protective Order would create a substantial risk of serious and irreparable competitive harm to the parties;

(iv)       Maintaining the confidentiality of Confidential Information for purposes of this litigation without unnecessary dissemination would serve the public interest, by allowing for resolution of the present dispute without at the same time creating substantial risk of serious and irreparable competitive harm to one or more of the parties.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed when a party seeks permission from the court to file material under seal.

## 2. DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4    "Highly Confidential -- Attorney's Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6    Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential -- Attorney's Eyes Only."

2.8    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential -- Attorney's Eyes Only."

2.9    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

For each expert (including consultants and investigators) to whom any party desires to disclose Protected Material, such party must first identify in writing to the attorneys for the Designating Party the following information: the expert's full name, professional address, educational background, all present employment and consultancies, all prior full-time employment and consultancies within the last four years, and a list of all cases in which the expert or consultant has testified at a deposition or in court within the last four years.  The party shall also include a copy of the proposed expert or consultant's signed "Agreement to Be Bound by Protective Order" (Exhibit A) attached to this Protective Order indicating that they have read and agree to be bound by the terms of this Protective Order.

Counsel of record for the Designating Party shall have ten (10) calendar days from

receipt of such notice and "Agreement to Be Bound by Protective Order" (Exhibit A) to object to disclosure of such Protected Material to such expert. Any and all such objections must be made in writing with all such grounds stated with specificity. The parties shall attempt to resolve such objections informally. If any objection cannot be resolved within ten (10) calendar days after notice by the objecting party, the party seeking to disclose the Protected Material to the expert may move the Court for an order allowing the disclosure utilizing the procedure set forth in Local Rule 37. If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. In the event that an objection is made and not resolved between and among the parties, disclosure of the Protected Material shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

2.10   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## 5.  DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Mass, indiscriminate, or routinized designations are prohibited, although an entire document may receive an appropriate designation based on any portion of it being subject to such designation.

Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY" at the top or bottom of each page of the document that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and

before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY").

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or nonparty that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEY'S EYES ONLY"). Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY."

    5.3    <u>Inadvertent Failures to Designate</u>.

    If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.  <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>.

    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2    <u>Procedure For Challenging Designation</u>.

    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so by the procedure set forth in Local Rule 37.. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

[PROPOSED] STIPULATED PROTECTIVE ORDER

6.3     Procedure—Requesting Permission to Disclosure HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Materials to Party.

If a Party's counsel of record determines that his or her ability to provide the Party with a full and robust representation in this matter has been hindered because the counsel is unable to disclose information that has been designated HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY to that Party, counsel may seek permission to disclose the information to that Party by the procedure set forth in Local Rule 37. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's outside counsel of record and in-house counsel, as well as employees of said outside counsel, and in-house counsel to whom it is reasonably necessary to disclose the information for this litigation, provided that, prior to receipt of

any designated information or item, in-house counsel sign the "Agreement to Be Bound by Protective Order" (Exhibit A);

(b) Board members, officers and directors of the Receiving Party who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) Court reporters and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

(a) the Receiving Party's outside counsel of record (including, for both parties, all paralegal assistants, stenographic, technical and clerical employees working under the direct supervision of such outside counsel).

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the author and recipients of the document or the original source of the information; and

(f)  notwithstanding the designation of materials as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," estimates of potential damages recoveries (including estimates or approximations of alleged profits from infringement, but not actual sales or financial information provided by the Producing or Designating Party) or other relief based on analysis of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials may be provided by outside counsel to persons entitled to receive "CONFIDENTIAL" materials pursuant to paragraph 7.2 above, provided that such disclosure does not include the underlying "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" materials or information.

7.4    <u>Prohibition on Disclosure of</u> "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" <u>Material to Parties' In-House Counsel.</u>  In-house counsel of either party are not permitted to access "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents under this Protective Order (other than that party's own "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents), except by Court order or through obtaining the consent of the Designating Party as outlined below;

(a)    If any party wishes to disclose to its in-house counsel "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents produced under this Protective Order (other than that party's own "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents), then before any such disclosure is made, the party seeking disclosure must provide to the Designating Party the following information, in writing:

(i)    The identity of the <u>specific</u> "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents the party seeking disclosure wishes to disclose to its in-house counsel;

(ii)    The identity of the particular in-house attorney(s) to whom the identified "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents are to be disclosed, including all job titles for each such attorney; and

(iii)    A description for each identified in-house attorney of all of his/her job responsibilities, and a statement explaining why, under *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465 (9th Cir. 1992), the in-house attorney(s) should be allowed access to the identified "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents, including a statement as to why disclosure of the identified "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents to the in-house attorney(s) is necessary beyond disclosure to outside counsel;

(iv)    If the parties are unable to resolve a request to disclose "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to in-house counsel pursuant to paragraphs 7.4(a)(i-iii) within ten (10) calendar days of the request, the party requesting such disclosure may seek relief from the Court utilizing the procedure set forth in Local Rule 37.  If the parties want to file the Joint Stipulation required by Local Rule 37 under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request.  The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal;

(b)    Once information is provided pursuant to subpart (a) of this paragraph, the procedure outlined in paragraph 7.3 for disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents to experts/consultants shall apply, with the in-house attorney(s) treated as "experts" for the purposes of these paragraphs.

(c)     In the event any in-house attorney is given access to "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information and/or documents under the terms of this Protective Order, such in-house attorney shall sign the "Agreement to be Bound by Protective Order" (Exhibit A), and shall be subject to and shall abide by the restrictions described herein.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEY'S EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized

under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  If confidential material is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers – or the confidential portion thereof – under seal; the application must show good cause for the under seal filing.  Further, the application shall be directed to the judge to whom the papers are directed.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## 11.  FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12.   MISCELLANEOUS**

12.1   Right to Further Relief.

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Inadvertent Production of Privileged Documents.

If a party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested. Upon receipt of such notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all such copies to the

1   producing party. Nothing stated herein shall preclude a party from challenging an

2   assertion by the other party of privilege or confidentiality.

3   IT IS SO ORDERED.

4

5

6   DATED:  September 8, 2010

7                                                                   _____

8                                                                   PAUL L. ABRAMS
                                                                    UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Santa Barbara Winery, Inc. v. Foster's Wine Estates Americas Company*, *et al*., Case No. CV10-1026-JHN-(PLAx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____